IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE

NATACHA PREGO CRUZ
*Debtor*

CASE NO. 03-01259 GAC

CHAPTER 7

DAISY TORRES VAZQUEZ

*Plaintiff*
vs.

NATACHA PREGO CRUZ;
JOHN A. ZERBE
*Defendants*

ADV. NUMBER 04-00031

MOTION TO DISMISS

TO THE HONORABLE COURT:

Come now defendant/debtor, through the undersigned counsel, and respectfully represent:

1. On March 11, 2004, plaintiff Daisy Torres Vázquez filed the instant adversary proceeding against defendant/debtor, requesting the denial of discharge pursuant to 11 U.S.C.§727(c)(1). In what follows debtors will argue that the complaint was filed late, in contravention of applicable rules of bankruptcy procedure, and should be dismissed accordingly.

2. A review of the bankruptcy case docket reveals that the bar date to file objections to discharge in this case was initially set for February 9, 2004, sixty days from the date when the first 341 meeting in the chapter 7 case was set, as provided in Rule 4004(a) F.R.B.P. [D.E. 34]

3. It further appears from the record that the bar date to file objections to discharge was extended at the request of counsel for creditor Daisy Torres Vázquez until March 4, 2004, as per order

entered by the Court on February 11, 2004, granting the request made by counsel which was to expire March 4, 2004. [D.E. 48 and 49]

4. Therefore, the bar date to file objections to discharge in this case, as extended upon timely request by the attorney for Daisy Torres Vázquez expired by its own terms on March 4, 2004 date.

5. The record reflects that no objections to discharge were filed by any party in interest as of that date.

6. It thus becomes apparent that the objection to discharge filed by creditor Daisy Torres Vázquez was filed without leave from the Court, on March 11, 2004, after the deadline for such objections as requested by this same creditor had elapsed.

7. The discharge is the most important element of the debtor's fresh start. H.R. Rep. No. 95-595, at 128 (1977). Accordingly, the debtor has an interest in the prompt resolution of discharge issues, *In re Davis*, 195 B.R. 422, 424 (Bankr. W.D. Mo. 1996), and the law sets a tight frame for discharge objections. In the absence of a timely objection, and subject to certain exceptions, "the court shall forthwith grant the discharge". Rule 4004(c) F.R.B.P.

8. In this regard, the Supreme Court has made clear that deadlines in the Federal Rules of Bankruptcy Procedure mean what they say, and that violation of such deadlines cannot be ignored or excused. *Taylor vs. Freeland & Kronz*, 503 U.S. 638 (1992).

WHEREFORE, debtor defendant respectfully prays that the Complaint filed by creditor Daisy Torres Vázquez be dismissed with prejudice, and that judgment be entered accordingly.

CERTIFICATE OF SERVICE: The undersigned hereby certifies that on this same date a copy of this *Motion to Dismiss* has been mailed to plaintiff, Daisy Torres Vázquez through her appearing counsel, Roberto Figueroa Carrasquillo, Esq., P.O. box 193677, San Juan, PR 00919-3677; and

delivered by hand to John A. Zerbe, Chapter 13 Trustee; and to the Assistant U.S. Trustee's Office, 3rd floor, Ochoa Building, San Juan, PR.

DATED: April 6, 2004.

LUBE & SOTO LAW OFFICES
702 UNION STREET, APT. G-1
CONDOMINIO UNIMAR
SAN JUAN, PUERTO RICO 00907-4202
TEL.: 722-0909 FAX: 977-1709
E-MAIL: lubeysoto@yahoo.com

By: _____
TERESA M. LUBE CAPO, ESQ.
USDC 122205
