IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE<br><br>NATACHA PREGO CRUZ<br>*Debtor* | CASE NO. 03-01259 GAC<br><br>CHAPTER 7 |
| DAISY TORRES VAZQUEZ<br><br>*Plaintiff*<br>vs.<br><br>NATACHA PREGO CRUZ;<br>JOHN A. ZERBE, as Trustee<br>*Defendants* | ADV. NUMBER 04-00031 |

## DEBTOR'S MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO DISMISS

TO THE HONORABLE COURT:

Comes now defendant/debtor NATACHA PREGO CRUZ, through the undersigned counsel, and, in support of her motion to dismiss plaintiff's complaint respectfully represents:

### Introduction

On July 6, 2004 the hearing on defendant's motion to dismiss was held and the Court granted ten days to plaintiff to submit a memorandum of law to further supplement her reply, and ten days to defendant/debtor to reply.

### Facts

1.  A review of the bankruptcy case docket reveals that the bar date to file objections to discharge in this case was initially set for February 9, 2004, sixty days from the date when the first 341 meeting in the chapter 7 case was set, as provided in Rule 4004(a) F.R.B.P. [d.e. 34]

2. On February 4, 2004, plaintiff, through counsel, filed a motion for enlargement of such time period to file a complaint. (d.e. 48) The motion requested in paragraph 6 that such extension be granted for a period of 30 days "in order to conduct further inquiry regarding the issues raised at the §341 meeting of creditors and debtor's various amendments to her schedules...". In paragraph 7, movant specifically requested the enlargement of time "for thirty additional days, which period of time to expire on March 4, 2004".

3. On February 11, 2004, the Court entered an order granting the request for extension of time filed by Daisy Torres Vázquez. (d.e. 49). The order succinctly states: "Creditor's motion requesting extension of time to object to the discharge of Debtor or to determine dischargeability of a debt (docket # 48) is hereby granted."

4. On March 11, 2004, plaintiff Daisy Torres Vázquez filed the instant adversary proceeding against defendant/debtor, requesting the denial of discharge pursuant to 11 U.S.C.§727(c)(1).

5. On April 6, 2004, defendant/debtor filed a motion to dismiss the instant case because the complaint had been filed after the period to file complaints pursuant to 11 USC §727 and 523, as already extended by the Court at plaintiff's own request had expired.

**Argument**

6. In what follows debtor will argue that the complaint was filed late, in contravention of applicable rules of bankruptcy procedure, and should be dismissed accordingly.

7. A simple counting of the days of the 2004 calendar, which is a leap year, reflects that 30 days from February 9, 2004 came up on March 10, 2004, that is, one day short from the date that the complaint was filed. The request for extension specifically stated that the requested extended period was to expire on March 4, 2004, in that scenario, the complaint was filed seven days late.

8. Both Rules 4004(a) and 4007(c) unequivocally state that a complaint objecting to a debtor's discharge or the discharge of a particular debt under § 523(c) of the Bankruptcy Code must be filed

within 60 days of the date first set for the meeting of creditors. Significantly, both Rules 4004(b) and 4007(c) delineate the limited circumstances in which the time deadline may be extended; the court may, for cause, extend the deadline only if the party seeking the extension files a motion before the time deadline expires. No other exceptions are provided for in the Rules. Though Rules 4004(a), 4004(b) and 4007(c) are clear enough on their own, any possibility that further grounds may be asserted for extension of the 60-day time deadline is foreclosed by Bankruptcy Rule 9006(b)(3). This Rule states that the strict time deadline in Rules 4004(a) and 4007(c) may be enlarged "only to the extent and under the conditions stated in those rules."

9. In this case the Court granted the extension requested, thereby finding "cause" in the plaintiff's need for "further inquiry", however nonspecific, and even nonexistent. No discovery was pending at the time, plaintiff made no requests for additional information from debtor, no Depositions or Requests for documentation pursuant to Bankruptcy Rule 2004 had been requested.

10. The plaintiff invokes the possibility of "equitable tolling" of the time for filing the complaint based solely on her lateness. Our position is that in any case, this additional request should have been made before the original extension granted had expired, and then, only for cause. Cause to extend the period has been found when debtor has deliberately attempted to prevent or elude discovery, which is not the situation in the case at bar. In *In Re Amezaga*, 192 BR 37 (District of Puerto Rico, 1996), the Honorable Enrique S. Lamoutte, made such distinction, and stated:

> Section § 727(a) of the Bankruptcy Code and Rule 4004(c) of the F.R.B.P. place mandatory and quasi ministerial duties on the court to grant a discharge forthwith after the time to object has expired. Rule 4004(b) clearly states that any extension of time must be filed before the period has expired. These are time limits that must be strictly construed, and, which operate in debtor's favor and to meet the Bankruptcy Code's intent of providing a fresh economic start. (at page 40)

11. There is no question that the plaintiff filed the complaint after the extension period had expired. However meritorious her case may be, a question which is at this time, irrelevant, the time limits have to be construed in favor of providing the debtor her fresh economic start. Equitable

considerations may be relevant in considering whether there is "cause" to grant a timely requested extension, or further extension of time to file the complaint, but this is not the situation in the case at bar.

12. Had the plaintiff timely requested further extension before the original period had expired, the Court would indeed have had the discretion to grant it. However, it is clear that once the deadline has passed, the Court is precluded from entertaining the issues belatedly raised by plaintiff herein. The Supreme Court has left no doubt that an out-of-time objection filing such as waiver, fraudulent concealment or excusable neglect may not be excused in a claim processing situation such as an objection to a claim of exemption. *Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992). Quite simply, this Court held that there can be no judicial review of the underlying basis for the debtor's claim of exemption if the time deadline passes without the filing of an objection or a request for extension. "In *Taylor v. Freeland & Kronz*, the Supreme Court made clear that deadlines in the Federal Rules of Bankruptcy Procedure mean what they say and that violations of such deadlines cannot be ignored or excused." *Collier on Bankruptcy*, ¶ 4004.02[3] at p. 4004-6 (15th ed. rev.)[1]

13. Although Rule 4004(a) and 9006(b)(3) do not create or withdraw federal jurisdiction, as decided by the Supreme Court in Kontrick v. Ryan, 124 S.CT 906 (January 14, 2004), they are nevertheless, inflexible claims-processing rules that may be forfeited.

14. Unquestionably, the Court would have had the discretion to further extend the period of time to file the complaint had it been timely filed. Plaintiff only had to meet the requirements of Rule 4004(b): 1) that a motion be filed; 2) by a party in interest; 3) that the order be entered after hearing on notice (opportunity for a hearing); 4) that the extension be for cause; and 5) that the motion be

---

[1] *Taylor* refers to Rule 4003(b), but the analysis has been made applicable to all Rules of a similar nature, such as 4004 (a) and (b) and 4007. See *Kontrick*, infra.

filed before the time has expired.[2] Otherwise, pursuant to the provisions of 11 USC §727(a) the court has the duty to grant a discharge forthwith after the time to object has expired.

15. Equitable considerations should be of a compelling nature, these simply are not available in the case at bar. The reason for the lateness of the filing of the complaint is in no way attributable to debtor, it stemmed from plaintiff's incorrect and unsubstantiated assumption that the date of the order granting the extension granted more time than was actually requested. The cases cited by plaintiff, *In Re Benedict*, 90 F. 3d 50 (2nd Cir. 1996), where the timeliness defense had been waived; and *Farouki v. Emirates Bank Int'l Ltd.*, 14 F. 3d 244 (4th Cir. 1994); where a motion for reconsideration was filed on the same date the motion for enlargement of time had been scheduled for a hearing, simply have to be distinguished from the instant case, where there was no waiver, and no action by debtor to provoke the delay in filing the complaint, the debtor did not even oppose the original request for the extension.

16. In *In Re Amezaga*, supra, the debtor had purposely eluded discovery by creditor, and had incurred in delay practices that were considered by the Court as sufficient justification to exercise its equity powers. The situation is totally different in the case at bar. The delay was solely attributable to plaintiff. This case presents no exceptional circumstances that should deviate it from the general rule's inflexibility. In all areas of the law, where the rule itself sets the conditions in which a court may properly extend the time for a certain action to be taken, and even in situations where the denial of a remedy may be harsher, the strict time deadline has prevailed.[3]

---

[2]*Amezaga*, supra.

[3]*Carlisle v. United States*, 517 U.S. 416, 116 S.Ct. 1460, 134 L.Ed.2d 613 (1996), where equitable considerations such as excusable neglect were not permitted to save a motion for judgment of acquittal filed one day late by a criminal defendant based on the plain language of Fed. R. Crim. P. 29(c); *United States v. Robinson*, 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960), where indigent criminal defendants were denied their right of appeal for their failure to timely file a notice of appeal based on the plain language of Fed. R. Crim. P. 45(b); *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed. 2d 285 (1988), the plain language of Fed. R. App. P. 26(b) was applied to cut off an appeal by a party not named in a notice of appeal.

17. The principles stated in *Taylor, Kontrick,* and *Amezaga* regarding the strict deadlines of claims processing rules, the requisites for extensions, and the necessity of raising the untimeliness defense early in the proceedings, all support that the Motion to Dismiss filed by debtor/defendant should be granted.

WHEREFORE, for the above stated reasons, debtor/defendant respectfully requests from this honorable Court that the Complaint filed by Daisy Torres Vázquez be dismissed.

Respectfully Submitted, in San Juan, Puerto Rico, this July 28, 2004.

I HEREBY CERTIFY that copy of this document has been delivered by messenger to Roberto Figueroa Carrasquillo, Esq., 16 Acosta St., Caguas, Puerto Rico, to the Assistant U.S. Trustee's Office, Third Floor, Ochoa Building, San Juan, Puerto Rico, and to John Zerbe, 341 Meeting Room, Ochoa Building, San Juan, Puerto Rico.

LUBE & SOTO LAW OFFICES
702 UNION STREET, APT. G-1
CONDOMINIO UNIMAR
SAN JUAN, PUERTO RICO 00907-4202
TEL.: 722-0909 FAX: 977-1709
E-MAIL: lubeysoto@yahoo.com

By: _____
TERESA M. LUBE CAPO, ESQ.
USDC 122205