IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>NATACHA PREGO CRUZ,<br><br>    Debtor<br>_____<br><br>DAISY TORRES VAZQUEZ,<br><br>    Plaintiff<br><br>v.<br><br>NATACHA PREGO CRUZ,<br>JOHN A. ZERBE, trustee,<br><br>    Defendants | Case No. 03-01259 (GAC)<br><br>Chapter 7<br><br><br><br><br><br>Adv. No. 04-00031<br><br>FILED & ENTERED<br><br>SEP 0 1 2004<br><br>U.S. BANKRUPTCY COURT<br>SAN JUAN, PUERTO RICO |

## DECISION AND ORDER

The debtor, Natacha Prego ("Prego") filed a petition under Chapter 13 of the Bankruptcy Code on February 11, 2003. Prego sought conversion to Chapter 7, which the Court approved by order entered on October 28, 2003 (dkt. #27). The deadline for the filing of complaints objecting to discharge was set for February 9, 2004. On February 4, 2004, creditor, Daisy Torres Vazquez ("Torres"), filed a motion requesting that the deadline be extended thirty days; to expire on March 4, 2004 (dkt. #48). The Court entered an order on February 11, 2004, granting the request (dkt. #49).

On March 11, 2004, Torres filed this adversary proceeding seeking denial of discharge pursuant to 11 U.S.C. §§ 727(a)(2) and

1



727(a)(5). Prego filed a motion to dismiss on April 6, 2004 (dkt. #4). Torres filed a reply (dkt. #5).

Prego claims that the complaint objecting to discharge was untimely since it was not filed prior to March 4, 2004, which was the deadline requested by Torres in her motion to extend the bar date. Torres contends that in spite of including a date for the expiration of the extension of time to file the complaint, she requested a thirty day extension of time and the complaint was filed within thirty days of the Court's order granting the request. Torres also requests that if the Court concludes that the complaint was not timely filed, that the Court apply the doctrine of excusable neglect to allow her to pursue her complaint against Prego.

## DISCUSSION

The Federal Rules of Bankruptcy Procedure provide that in a Chapter 7 liquidation, "a complaint objecting to the debtor's discharge under § 727(a) of the Code shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)." Fed. R. Bankr. P. 4004(a). This rule further provides that "the court may for cause extend the time to file a complaint objecting to discharge" on motion "filed before the time has expired." Fed. R. Bankr. P. 4004(b). The Court may enlarge the time for taking action under Rule 4004(a) "only to the extent and under the conditions stated in [that rule]." Fed. R. Bankr. P.

9006(b)(3). Thus, the Court may only extend the time to file a complaint objecting to discharge based on a motion filed before the initial deadline has expired.

In the present case, Torres sought a timely extension of time to file her complaint. The deadline was February 9, 2004 and Torres requested an extension on February 4, 2004. While Torres did request that the deadline be extended for thirty days, she specifically requested that it expire on March 4, 2004. It is clear from her motion that the thirty days she was requesting, was thirty days from the date of her request for an extension. Likewise, in the Court's order granting Torres' request, the Court made no mention of a deadline date. The Court merely granted Torres' request.

As the First Circuit Court of Appeals has stated, "[w]hen a litigant seeks an extension of time and proposes a compliance date, the court is entitled to expect that the litigant will meet its self-imposed deadline." Cintron-Lorenzo v. Departamento de Asuntos, 312 F.3d 522, 526 (1st Cir. 2002)(quoting Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 47 (1st Cir. 2002)). Torres requested that the complaint's deadline be extended until March 4, 2004 and the Court granted her request. Torres did not file her complaint until March 11, 2004. Thus, the Court concludes that the complaint was untimely.

Torres argues that the deadline for filing complaints

3

objecting to discharge is not jurisdictional and that the Court can still allow the complaint based on her excusable neglect in failing to timely file the complaint. While the United States Supreme Court has determined that the time limits stated in Rules 4004 and 9006(b)(3) are not jurisdictional, the Supreme Court only considered the matter in the context of a case where the debtor did not assert the time constraints until after he had lost the case on the merits. See Kontrick v. Ryan, 124 S.Ct. 906 (2004). In the present case, Prego asserted the untimeliness of the complaint within weeks of the filing. The complaint was filed on March 11, 2004 and Prego asserted its untimeliness by way of motion to dismiss, filed on April 6, 2004.

Moreover, while Bankruptcy Rule 9006(b)(1) permits enlargement of time for an act required under the Rules where the failure to act is due to excusable neglect, Bankruptcy Rule 9006(b)(3) provides that the court may enlarge the time for taking actions under Rule 4007(c) only to the extent and under the conditions stated in that Rule. As discussed above, Rule 4007(c), requires that a request for an extension of time to file a dischargeability complaint be filed before the time has expired. As stated by the court in In re Tatum, "the operation of these rules eliminates the concept of 'excusable neglect' as a basis for expanding the time to object." Merrill, Lynch, Pierce, Fenner & Smith, Inc. v. Tatum (In re Tatum), 60 B.R. 335, 337 (Bankr.D.Colo. 1986)(citing In re

4

Whitfield, 41 B.R. 734, 736 (Bankr.W.D.Ark. 1984); In re Figueroa, 33 B.R. 298, 302 (Bankr.S.D.N.Y. 1983)). See also Hecht v. Hatch (In re Hatch), 175 B.R. 429, 434-35 (Bankr.D.Mass. 1994)(citing Dole v. Grant (In re Summit Corp.), 109 B.R. 534 (D.Mass. 1990)); In re Gray, 156 B.R. 707, 710-11 (Bankr.D.Me. 1993); Vaccariello v. Lagrotteria (In re Lagrotteria), 42 B.R. 867, 870-71 (Bankr.N.D.Ill. 1984); In re Floyd, 37 B.R. 890, 892 (Bankr.N.D.Tex. 1984). Accordingly, this Court concludes that Torres may not use the doctrine of excusable neglect to expand the time for filing her complaint objecting to dischargeability.

In summary, Torres failed to file a timely complaint seeking denial of discharge. The doctrine of excusable neglect can not be used to justify her failure to timely file her complaint. Thus, the Court concludes that Torres' complaint is time-barred and must be dismissed.

ORDER

WHEREFORE IT IS ORDERED that the debtor's motion to dismiss this adversary complaint (dkt. #4) shall be, and it hereby is, GRANTED. Judgment will enter accordingly.

The ten-day period for filing a motion to alter or amend this order, pursuant to Fed. R. Bankr. P. 9023, or to file a notice of appeal, pursuant to Fed. R. Bankr. P. 8002(a), shall commence to run upon notice of entry.

SO ORDERED.

San Juan, Puerto Rico, this 31st day of August, 2004.

BY THE COURT:

_____
GERARDO A. CARLO
U.S. Bankruptcy Judge

cc: debtor, R. Figueroa, T. Lube, UST, J. Zerbe