**MANDATE**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
# FOR THE FIRST CIRCUIT

FILED IN CLERK'S OFFICE

2005 APR 26 A 11: 07

U.S. BANKRUPTCY
APPELLATE PANEL FOR
THE FIRST CIRCUIT

BAP NO. PR 04-049

Bankruptcy Case Nos. 03-01259-GAC
Adversary Proceeding No. 04-0031

A TRUE COPY ATTEST
CLERK
U.S. BANKRUPTCY APPELLATE
PANEL FOR THE FIRST CIRCUIT,
BY: _____ 5/31/05
DEPUTY CLERK

NATACHA PREGO CRUZ,
Debtor.

DAISY TORRES VAZQUEZ,
Plaintiff/Appellant,

v.

NATACHA PREGO CRUZ, and
JOHN A. ZERBE, Chapter 7 Trustee,
Defendants/Appellees.

## JUDGMENT

This cause came to be heard from the United States Bankruptcy Court for the District of Puerto Rico. Upon consideration whereof, and in accordance with the Opinion entered on April 26, 2005, it is now hereby **ORDERED AND ADJUDGED** that the bankruptcy court's August 31, 2004, order dismissing as untimely the adversary complaint objecting to discharge filed by Daisy Torres Vazquez is **AFFIRMED**.

FOR THE PANEL:
Richard Cushing Donovan, Clerk

By: _____
Pamela Rendel
Deputy Clerk

Dated: April 26, 2005

[cc: Roberto F. Carrasquillo, Teresa Lube Capo and John A. Zerbe]

**DOCKETED**
154047

FOR PUBLICATION
FILED IN CLERKS OFFICE

U.S. BANKRUPTCY
APPELLATE PANEL FOR
THE FIRST CIRCUIT

# UNITED STATES BANKRUPTCY APPELLATE PANEL
# FOR THE FIRST CIRCUIT

BAP NO. PR 04-049

Bankruptcy Case Nos. 03-01259-GAC
Adversary Proceeding No. 04-0031

NATACHA PREGO CRUZ,
Debtor.

DAISY TORRES VAZQUEZ,
Plaintiff/Appellant,

v.

NATACHA PREGO CRUZ, and
JOHN A. ZERBE, Chapter 7 Trustee,
Defendants/Appellees.

Appeal from the United States Bankruptcy Court
for the District of Puerto Rico
(Hon. Gerardo A. Carlo, U.S. Bankruptcy Judge)

Before
Votolato, Haines and Boroff, United States Bankruptcy Appellate Panel Judges.

Roberto Figueroa Carrasquillo, Esq., on brief for Appellant.

Teresa M. Lube Capó, Esq., on brief for Appellee.

April 26, 2005

DOCKETED
15046

**Per Curiam.**[1]

Creditor Daisy Torres Vazquez ("Torres") appeals from the bankruptcy court's August 31, 2004, order dismissing as untimely her adversary complaint objecting to discharge. The issues on appeal are: (1) whether Torres' discharge complaint was timely filed; and (2) if the complaint was untimely, whether the bankruptcy court should have further enlarged the time to file the complaint based on the doctrine of excusable neglect. For the following reasons, the bankruptcy court's decision is AFFIRMED.

## BACKGROUND

On February 11, 2003, Natacha Prego Cruz ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code. The case was converted to Chapter 7 on October 28, 2003, and the § 341 meeting of creditors was set for December 10, 2003. Consequently, the bar date for filing objections to discharge was February 9, 2004. See Fed. R. Bankr. P. 4004(a).[2] On February 4, 2004, Torres filed a *Motion for Extension of Time to File Objection to Dischargeability Complaint Under 11 U.S.C. § 727(c) and Rule 7001(4) of the Federal Rules of Bankruptcy Procedure* ("Motion to Extend"). In paragraph 6 of the Motion to Extend, Torres requested that "the period of time to file . . . be enlarged thirty (30) days," and in paragraph 7, requested the bankruptcy court "to grant the present motion and enlarge the period of time within

---

[1] After examining the briefs and appellate record, this Panel determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. Bankr. P. 8012. A Panel's decision to dispense with oral argument may be announced at the time the decision on the merits is rendered. See 1st Cir. BAP R. 8012-1(b).

[2] Bankruptcy Rule 4004(a) provides that the bar date to filing objections to discharge in a Chapter 7 case is sixty (60) days from the date when the first § 341 meeting of creditors is set. See Fed. R. Bankr. P. 4004(a).

2

which to file a complaint under 11 U.S.C. § 727 for thirty additional days, which period of time would expire on March 4, 2004."

On February 11, 2004, the bankruptcy court entered an order stating "Creditor's motion requesting extension of time to object to the Discharge of Debtor or to determine dischargeability of debt (docket #48) is hereby granted." The order did not state a specific deadline for the filing of the complaint. On March 11, 2004, Torres filed an adversary complaint against the Debtor, alleging that the Debtor had concealed assets and failed to explain a loss or deficiency of assets, and requesting a denial of the Debtor's discharge, pursuant to § 727(c)(1).

On April 6, 2004, the Debtor filed a motion to dismiss the adversary complaint, arguing that the complaint was untimely since it was not filed prior to the March 4, 2004, deadline requested by Torres in her Motion to Extend. Torres responded that, notwithstanding her inclusion of March 4, 2004 as the proposed deadline for filing an adversary complaint, her request for a 30-day extension, when allowed by the bankruptcy court on February 11, 2004, extended the deadline to March 12, 2004. Torres also argued that, even if the bankruptcy court concluded that the complaint was untimely, it should apply the doctrine of excusable neglect in order to enlarge the time in which she could file her complaint against the Debtor. On August 31, 2004, the bankruptcy court entered an order granting the Debtor's motion to dismiss. This appeal ensued.

## JURISDICTION

A bankruptcy appellate panel may hear appeals from "'final judgments, orders and decrees' [pursuant to 28 U.S.C. § 158(a)(1)] or 'with leave of the court, from interlocutory orders and decrees' [pursuant to 28 U.S.C. § 158(a)(3)]." Fleet Data Processing Corp. v. Branch (In re

3

Bank of New England Corp.), 218 B.R. 643, 645 (B.A.P. 1st Cir. 1998). "A decision is final if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" Id. at 646 (citations omitted). An interlocutory order "'only decides some intervening matter pertaining to the cause, and requires further steps to be taken in order to enable the court to adjudicate the cause on the merits.'" Id. (quoting In re American Colonial Broad. Corp., 758 F.2d 794, 801 (1st Cir. 1985)). A bankruptcy appellate panel is duty-bound to determine its jurisdiction before proceeding to the merits even if not raised by the litigants. See In re George E. Bumpus, Jr. Constr. Co., 226 B.R. 724 (B.A.P. 1st Cir. 1998). A bankruptcy court's dismissal of a complaint objecting to discharge is a final appealable order. See Lure Launchers, LLC v. Spino, 306 B.R. 718 (B.A.P. 1st Cir. 2004) (citing Suburban Bank of Cary Grove v. Riggsby (In re Riggsby), 745 F.2d 1153, 1154 (7th Cir. 1984)); see also Premier Capital, LLC v. Gavin (In re Gavin), 319 B.R. 27, 31 (B.A.P. 1st Cir. 2004) (citing Bank of New England, 218 B.R. at 645).

## STANDARD OF REVIEW

Appellate courts reviewing an appeal from the bankruptcy court generally apply the "clearly erroneous" standard to findings of fact and *de novo* review to conclusions of law. See TI Fed. Credit Union v. DelBonis, 72 F.3d 921, 928 (1st Cir. 1995); Western Auto Supply Co. v. Savage Arms, Inc. (In re Savage Indus., Inc.), 43 F.3d 714, 719-20, n.8 (1st Cir. 1994). The interpretation of the language in a rule or statute is a question of law which we review *de novo*. See Lure Launchers, 319 B.R. at 31 (citing Jones v. Hill (In re Hill), 811 F.2d 484, 485 (9th Cir. 1987)). However, we review the bankruptcy court's determination regarding the existence of excusable neglect for abuse of discretion. See id. (citing Jones v. Chemetron Corp., 212 F.3d

199, 205 (3d Cir. 2000); State Bank of S. Utah v. Gledhill (In re Gledhill), 76 F.3d 1070, 1084-85 (10th Cir. 1996)).

## DISCUSSION

### I. Timeliness

Pursuant to Bankruptcy Rule 4004(a), a complaint objecting to the debtor's discharge under § 727(a) of the Code must be filed within 60 days of the date first set for the meeting of creditors required by § 341 of the Code. See Fed. R. Bankr. P. 4004(a). Pursuant to Bankruptcy Rules 4004(a) and 4007(c), the court may, for cause, extend the deadline if the party seeking the extension files a motion before the deadline expires. In this case, the § 341 meeting was first set for December 10, 2003, so the deadline for filing objections to discharge was sixty days thereafter, or February 9, 2004. Torres filed her Motion to Extend on February 4, 2004, which was within the permissible period.

In paragraph 6 of her Motion to Extend, Torres requested that "the period of time to file ... be enlarged thirty (30) days" and in paragraph 7, she requested the bankruptcy court "to grant the present motion and enlarge the period of time within which to file a complaint under 11 U.S.C. § 727 for thirty additional days, which period of time would expire on March 4, 2004." Torres argues that the language in paragraph 6 was controlling, and that the time for filing an objection to discharge was enlarged an additional thirty days, until March 12, 2004. The Debtor argues that because Torres' motion specifically stated an expiration date of March 4, 2004, that language is controlling and Torres' complaint is time-barred.

Pursuant to Rule 311(14)(B) of the Local Rules of the United States District Court for the District of Puerto Rico,[3] "all motions for extension of time shall state the expiration date of the period to be sought to be extended and the expiration date of the proposed extension." Although Torres requested a 30-day extension of time, she specifically stated that the "period of time would expire on March 4, 2004." The First Circuit Court of Appeals has held that "when a litigant seeks an extension of time and proposes a compliance date, the court is entitled to expect that the litigant will meet its self-imposed deadline." Cintron-Lorenzo v. Departamento de Asuntos, 312 F.3d 522, 526 (1st Cir. 2002) (quoting Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 47 (1st Cir. 2002)). Since Torres specifically requested an extension until March 4, 2004 and no further motion for an extension was filed prior to that date, the complaint was due no later than March 4, 2004. Accordingly, her complaint filed on March 11, 2004 was untimely.

## II. Excusable Neglect

Torres argues that, even if the discharge complaint was untimely filed, the bankruptcy court should have used its equitable powers to further enlarge the time to file the complaint based on the doctrine of excusable neglect. Bankruptcy Rule 9006 confers discretion upon the bankruptcy court to permit the performance of certain acts after the expiration of an applicable time limit upon a showing that the lateness was the result of "excusable neglect." Fed. R. Bankr. P. 9006(b)(1). However, Rule 9006(b)(3) limits the bankruptcy court's discretion in certain

---

[3] Rule 311(14)(B) of the Local Rules of the United States District Court for the District of Puerto Rico is made applicable to adversary proceedings filed in the bankruptcy court and to any motion filed under Bankruptcy Rules 9013 and 9014 pursuant to General Order 94-10 issued by the Honorable Enrique S. Lamoutte and the Honorable Sara E. de Jesús on August 17, 1994. On October 4, 1994, by General Order 94-14, the Honorable Gerardo S. Carlo adopted parts 6 and 14 of General Order 94-10 to be made applicable to all cases assigned to him.

circumstances by providing, *inter alia*, that a bankruptcy court may enlarge the time for taking action under Rule 4007(c) only to the extent and under the conditions stated in Rule 4007(c). See Fed. R. Bankr. P. 9006(b)(3).

Bankruptcy Rule 4007(c) requires that a motion seeking enlargement of the period for objecting to discharge or dischargeability must be filed *before* the time period has expired. Fed. R. Bankr. P. 4007(c); Lawrence P. King, 10 Collier on Bankruptcy ¶ 9006.08 (15th ed. rev. 2002). There is no allowance for excusable neglect if a motion to extend time is filed late (or not at all). See Lure Launchers, 306 B.R. at 721 (citations omitted). Therefore, Rule 4007(c) precludes the bankruptcy court from granting late-filed motions to extend the period in which a party can object to a debtor's discharge of a debt.[4] See id.

In this case, Torres failed to file a second motion to further extend the time to object to discharge before the expiration of the deadline. Consequently, the bankruptcy court was precluded from further extending the deadline for filing an objection to discharge even if Torres had met the excusable neglect standard. See id. The bankruptcy court did not err by declining to further enlarge the time for Torres to file the discharge complaint.

## CONCLUSION

For the reasons set forth above, the bankruptcy court's decision is **AFFIRMED.**

---

[4] Torres cites Kontrick v. Ryan, 540 U.S. 443 (2004), to support her argument that the bankruptcy court was not prohibited from using its equitable powers to further enlarge the time to file a discharge complaint. In Kontrick, the U.S. Supreme Court held that Bankruptcy Rule 4004 is not jurisdictional in nature and, therefore, a debtor could not challenge the timeliness of a creditor's objection to dischargeability after the objection had been decided on the merits. Id. Focusing on the debtor's failure to raise the untimeliness issue until after the complaint was adjudicated, the Kontrick Court specifically declined to reach the issue of whether the time restrictions in the Bankruptcy Rules preclude equitable exceptions in cases where a debtor *timely* asserts the untimeliness of the dischargeability complaint. Id. at 457-58. Therefore, Kontrick is inapposite.